JOURNAL ENTRY AND OPINION
{¶ 1} The municipal court found defendant Leshawn Greer guilty of aggravated menacing, a first degree misdemeanor under R.C. 2903.21. The charges arose from a "road rage" incident in which Greer flashed a gun at the victim. In this appeal, Greer complains that the city failed to present sufficient evidence of the offense and that the court failed to ensure that he had validly waived the right to counsel. The first argument is dispositive of this appeal.
 {¶ 2} Greer complains that the city failed to prove beyond a reasonable doubt that the victim believed that Greer was going to cause him serious physical harm.
 {¶ 3} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. State v.Thompkins (1997), 78 Ohio St.3d 380, 390, 1997-Ohio-52. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 4} R.C. 2903.21(A) states, "[n]o person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."
 {¶ 5} This is a question as to whether the victim subjectively believed at the time of the offense that the offender would cause serious physical harm. State v. Perkins,
Cuyahoga App. No. 86685, 2006-Ohio-3678, at ¶ 14. It is not an element of aggravated menacing that the offender either intends to carry out his threat or that he is even able to carry it out.Dayton v. Dunnigan (1995), 103 Ohio App.3d 67, 71.
 {¶ 6} The victim testified that he had been driving when a car driven by Greer "flew around me" and then "slammed his brakes" so suddenly that the victim nearly ran into Greer's car. Greer again slammed his brakes a few blocks later. They both turned onto a street, the victim following Greer. At that point, Greer "pops a gun out. I don't know if it is real. I slowed down, got his license number. He went to the very first street and took off. Going forward, gone." The victim returned to his house just five minutes later and called the police to report what happened. He called a second time because "I forgot to tell them about the gun. Then they came out." The police used the license number given to them by the victim to trace the car to Greer's address. They received permission to search the car and found a "BB gun type pistol" under the front seat. The victim testified that the gun retrieved from Greer's car resembled that used by Greer during the incident.
 {¶ 7} The victim did not testify to any subjective belief that Greer would cause him serious physical harm. There was no evidence that the victim was scared or rattled from the incident. The victim merely testified that Greer "pops a gun out," not that Greer had pointed the gun at him. Through it all, the victim had the presence of mind to slow his vehicle and write down the license number of Greer's car.
 {¶ 8} The city concedes these points, but argues that a subjective belief of serious physical harm can be inferred under the circumstances. It argues that a victim's retreat from the situation creates an inference that a victim subjectively believes that serious physical harm may ensue. Thus, it cites toState v. Guddy, Cuyahoga App. No. 80390, 2002-Ohio-3102, where we held at ¶ 28 that a victim's retreat from an approaching, baseball bat-wielding defendant "is evidence of the victim's apprehension toward the appellant and possible serious physical injury."
 {¶ 9} We agree that a retreat from a threatening situation can be circumstantial evidence of a belief that the offender will cause serious physical harm to the person. However, the facts inGuddy are nothing like those in this case. Guddy moved toward his victim and swung the bat. There was testimony that Guddy's victim retreated because Guddy had picked up that bat and swung it at the victim.
 {¶ 10} Here, Greer did nothing more than brandish a gun that even the victim questioned as being real. There was no evidence that he pointed the gun at the victim, or took any other action to make the victim believe that serious physical harm would ensue. Rather than retreat from the scene, the victim slowed down so as to write down Greer's license number. And once the victim returned to his house, he admittedly forgot to tell the police about Greer's gun during his initial telephone call. These are not the actions of a person who had a subjective belief that Greer was going to cause him serious physical harm.
 {¶ 11} We therefore conclude that the city failed to establish an essential element of the offense of aggravated menacing. It follows that Greer's conviction must be vacated. Our disposition of the first assignment of error moots the second assignment of error.
 {¶ 12} This cause is vacated.
It is, therefore, ordered that said appellant recover of said appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and McMonagle, J., concur.