[Cite as *Cleveland v. Sands*, 2017-Ohio-8313.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105141**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## JE'MEL SANDS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2016 CRB 001936

**BEFORE:**   Kilbane, P.J., Boyle, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   October 26, 2017

**ATTORNEY FOR APPELLANT**

Ronald A. Skingle
6505 Rockside Road - Suite 320
Independence, Ohio 44131


**ATTORNEYS FOR APPELLEE**

Barbara Langhenry
Director of Law
City of Cleveland Law Department

BY:   Kimberly G. Barnett-Mills
         Angela Rodriguez
        Assistant City Prosecutors
        Justice Center, 8th Floor
        1200 Ontario Street
        Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

{¶1} Defendant-appellant, Je'Mel Sands ("Sands"), appeals his conviction for aggravated menacing. For the reasons set forth below, we affirm.

{¶2} In February 2016, Sands was charged with aggravated menacing in Cleveland Municipal Court. The city alleged that Sands had threatened to kill his former girlfriend, Rynaysa Bray ("Bray"), the mother of his child, as well as her new boyfriend.

{¶3} In September 2016, Sands waived a jury trial and the matter proceeded before the bench. At the bench trial, Bray testified that she had been in a relationship with Sands for nine years and, although she and Sands had never lived together, they had one daughter together. Bray explained that she ended her relationship with Sands in July 2015.

{¶4} Bray further testified that on January 26, 2016, she received several missed calls from Sands while she was at work. Bray explained that when she returned Sands's call, he answered and began "ranting and raging" and "going off" because he had heard that Bray was in a new relationship. She stated that Sands "was just yelling through the phone, saying I'm going to kill you when I see you. You bet [sic] not have that dude around my daughter[.]" After hearing these threats, Bray ended the call. She explained that, later that day, while she was still at work, she received text messages from Sands stating that he knows where her new boyfriend lives and works. In these text messages, Sands threatened to shoot Bray's new boyfriend. Bray testified that she "took it kind of serious because [she] knew [Sands] was on probation for gun charges."

{¶5} After Bray finished work that day, members of her family told her that Sands had contacted them as well. Bray testified that she discussed Sands's threats with a family friend who is a Cleveland police officer and filed a report with the Cleveland police the following day.

{¶6} The defense called Sands's grandmother as its only witness. Sands's grandmother stated that she could not testify to the conversations between Sands and Bray on January 26, 2016, but she did testify as to an argument between Sands and Bray in September 2015.

{¶7} At the conclusion of trial, the court found Sands guilty of aggravated menacing. In October 2016, the trial court sentenced Sands, imposing a 180-day suspended jail sentence, a $500 suspended fine, and one year of active probation.

{¶8} Sands now appeals, raising the following single assignment of error for our review.

[Sands's] conviction of aggravated menacing is not supported by sufficient evidence.

{¶9} In the sole assignment of error, Sands argues his conviction was not supported by sufficient evidence because the city failed to present any evidence that Bray subjectively believed that Sands would cause her serious physical harm.

{¶10} In reviewing for sufficiency of the evidence, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. McFeeture*, 2015-Ohio-1814, 36 N.E.3d 689, ¶ 42 (8th Dist.), citing

*State v. Jenks*, 61 Ohio St.3d 259, 262, 574 N.E.2d 492 (1991), paragraph two of the syllabus. A reviewing court will not overturn a conviction for insufficiency of the evidence unless it finds that reasonable minds could not reach the conclusion reached by the trier of fact. *State v. Tibbetts*, 92 Ohio St.3d 146, 162, 749 N.E.2d 226 (2001).

{¶11} Sands was convicted of aggravated menacing, in violation of R.C. 2903.21(A), which provides that "[n]o person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person[.]" "Aggravated menacing does not require that the offender be able to carry out his threat or even believe himself capable of carrying it out; it is sufficient if the offender knowingly causes the victim to believe the offender will carry his threat into execution." *State v. Chopak*, 8th Dist. Cuyahoga No. 96947, 2012-Ohio-1537, ¶ 18, citing *State v. Walker*, 8th Dist. Cuyahoga No. 88694, 2007-Ohio-4047, ¶ 14. A person acts knowingly when he "is aware that his conduct will probably cause a certain result or will probably be of a certain nature." *Id.* The gist of the offense of aggravated menacing is the victim's reasonable belief that serious physical harm is about to befall him or her. *Id.*

{¶12} Sands does not argue that the city failed to prove he acted knowingly, he argues only that the city failed to establish Bray's subjective belief at the time of the offense that Sands would cause her serious physical harm. Sands relies on this court's holding in *Garfield Hts. v. Greer*, 8th Dist. Cuyahoga No. 87078, 2006-Ohio-5936. In *Greer*, this court found that the evidence presented by the city did not establish that the

victim subjectively believed at the time of the offense that Greer would cause the victim physical harm. *Greer* involved a road rage incident _ the victim testified that Greer had driven past him, braked abruptly twice, and brandished a gun. The victim testified that he did not know if the gun was real and did not otherwise testify that Greer's actions scared or rattled him. Accordingly, this court found that there was no evidence that Greer's actions caused the victim to believe that Greer would cause him serious physical harm.

{¶13} *Greer* is factually distinguishable from the instant case. Here, Sands was not a stranger to Bray _ they had been in a relationship together for nine years and had a child together. Bray testified that she took Sands's threats seriously because she knew that he was on probation for gun charges. Bray's statement evinces her subjective belief that Sands would cause her and her boyfriend serious physical harm at the time Sands made the threats. Bray took Sands's threats seriously, based on her knowledge of his access to guns. Sands told Bray he knew where her boyfriend lived and worked in making threats against her boyfriend. Moreover, Bray testified that Sands also contacted members of her family the same day he made the threats to Bray. After Bray finished work on January 26, 2016, she contacted a family friend, who was a Cleveland police officer, and filed a report the next day with the Cleveland police. Bray did not delay in contacting police, which also indicates her subjective belief that Sands would cause her and her boyfriend serious physical harm.

**{¶14}** In viewing this evidence in a light most favorable to the prosecution, we find that reasonable minds could reach the same conclusion as the trial court in finding that the city proved the essential elements of aggravated menacing beyond a reasonable doubt. Therefore, we find that Sands's conviction was supported by sufficient evidence. Accordingly, the sole assignment of error is overruled.

**{¶15}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

MARY J. BOYLE, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR