[Cite as *Cleveland v. Borden*, 2017-Ohio-9016.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 105339

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## CORONA BORDEN

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2016 CRB 007146

**BEFORE:** E.A. Gallagher, P.J., McCormack, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** December 14, 2017

**ATTORNEYS FOR APPELLANT**

Carmen P. Naso
Milton A. Kramer Law Clinic
Case Western Reserve University
11075 East Blvd.
Cleveland, Ohio 44106

Scott Bobbit
Marcus Mazurowski
Kristi Winner
Certified Legal Interns
Milton A. Kramer Law Clinic
Case Western Reserve University
11075 East Blvd.
Cleveland, Ohio 44106


**ATTORNEYS FOR APPELLEE**

Barbara Langhenry
City of Cleveland Law Director
By: Kimberly G. Barnett-Mills
Chief Assistant Prosecutor
Aric Kinast
Assistant City Prosecutor
1200 Ontario Street
Justice Center, 8th Floor
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

**{¶1}** Defendant-appellant Corona Borden appeals her convictions for assault and aggravated menacing in Cleveland Municipal Court. We affirm.

**Factual and Procedural Background**

**{¶2}** Borden was charged with assault and aggravated menacing stemming from a March 21, 2016 incident at the Laronde Apartments in Cleveland, Ohio. The case proceeded to a bench trial where the following facts were adduced.

**{¶3}** Shirley Pierre testified that she did not know Borden. On that day, she encountered Borden in the vestibule of the Laronde Apartments. The building has a security door that requires visitors to be buzzed in by a resident in order to gain entry. When Pierre opened the front door to check her mail in the vestibule, Borden moved past her and entered the lobby of the building. Pierre asked Borden not to enter the building because it was against the building policy and she would not have allowed Borden entry due to the fact that she did not know her. Borden refused and placed a bag and a suitcase near the front desk in the lobby.

**{¶4}** Richard Pollard, a 72-year old resident at the Laronde Apartments, was present in the lobby at the request of the building manager in order to ensure access to the building for maintenance workers. Pollard had experience working at the front desk of the building and was familiar with the procedure for visitors to gain admission to the building. Pollard was alerted to a heated argument between Pierre and Borden, who was unfamiliar to him. Pollard intervened in the argument and Borden told him she was a

home health aide for a resident in the building and that she was trying to reach her daughter on the second floor. Pollard informed Borden that she needed to sign in at the front desk and asked her name. Borden refused to provide her name and began to direct profanity at Pollard and Pierre. In addition to the profanity Pierre testified that Borden stated, "I'm tired of you old people trying to tell us what to do. I do what I want."

{¶5} In response to Borden's profanity Pollard testified that he informed Borden that instead of calling the police he was going to move Borden's bags to the vestibule where she could continue to attempt to contact whoever she was trying to reach. Pollard stated, "I'm going to help you move your groceries out here because this profanity is too much." Pollard than began to pull Borden's luggage to the vestibule. Borden responded by pushing Pollard and he fell over the arm of a nearby couch, landing in the middle of the couch. The encounter was captured on the building's video surveillance system and offered as evidence at trial.

{¶6} Pollard testified that he got off the couch and called the Cuyahoga Metropolitan Housing Authority police. Pierre testified that after Borden pushed Pollard, Borden began making threats saying, "I'm going to shoot both of you. I have a gun. I have a permit." The security video reflects that the various parties moved in and out of the lobby while awaiting the arrival of the police. Pierre testified that Borden kept up a steady conversation about her gun and the fact that her husband was a police officer. Pierre testified that she did not know if Borden had a gun on her person but was fearful of her safety because of Borden's threats and believed that Borden could come

back and harm her.   She testified that she remained in the lobby awaiting the police despite her fear because she felt she and Pollard were in the situation together.

{¶7} CMHA Police Officer Rhett Lariccia responded to the Laronde Apartments and separated Borden from Pollard.   Lariccia testified that Borden was irate and said of Pollard, "I whooped his * * * [posterior]."   Pollard testified that he sustained a back injury as a result of his fall.

{¶8} The trial court found Borden guilty on both counts and imposed suspended sentences of 180 days in jail on both counts. The court ordered Borden to serve one year of community control and to stay away from the Laronde Apartments.

**Law and Analysis**

**I. Manifest Weight**

{¶9} In her sole assignment of error, Borden argues that her convictions were against the manifest weight of the evidence.

{¶10} A manifest weight challenge attacks the credibility of the evidence presented and questions whether the state met its burden of persuasion at trial. *State v. Whitsett*, 8th Dist. Cuyahoga No. 101182, 2014-Ohio-4933, ¶ 26, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541 (1997); *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 13. Because it is a broader review, a reviewing court may determine that a judgment of a trial court is sustained by sufficient evidence, but nevertheless conclude that the judgment is against the weight of the evidence.

{¶11} "When considering an appellant's claim that a conviction is against the manifest weight of the evidence, the court of appeals sits as a 'thirteenth juror' and may disagree with the factfinder's resolution of conflicting testimony." *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). The reviewing court must examine the entire record, weigh the evidence and all reasonable inferences, consider the witnesses' credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins* at 387, citing *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983). In conducting such a review, this court remains mindful that the credibility of witnesses and the weight of the evidence are matters primarily for the trier of fact to assess. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraphs one and two of the syllabus. Reversal on manifest weight grounds is reserved for the "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins* at 387, quoting *Martin*, *supra*.

{¶12} Borden argues that her conviction for assault was against the manifest weight of the evidence because the trial court erred in concluding that (1) she knowingly caused physical harm to Pollard and (2) she was not justified in protecting her property.

{¶13} Whether a person acted "knowingly" for purposes of an alleged crime, must be ascertained from the totality of the surrounding circumstances. *State v. Clark*, 8th Dist. Cuyahoga No. 83318, 2004-Ohio-2162, ¶ 12. Specific intent to cause a certain result is

not required to establish that a person acted "knowingly." *State v. Dixon*, 8th Dist. Cuyahoga No. 82951, 2004-Ohio-2406. This is because intent to commit an offense is not easily proved with direct evidence. *See State v. Brown*, 8th Dist. Cuyahoga No. 68761, 1996 Ohio App. LEXIS 801 (Feb. 29, 1996). The factfinder may find an intent to commit an act from the surrounding circumstances where it flows from the natural and probable consequence of a defendant's actions. *Id.*

{¶14} In this instance, the surveillance video reflected that Borden employed such force against Pollard that he was thrown over the arm of a sofa. When one employs force sufficient to knock another off their feet, they act with knowledge that physical harm is a natural and probable consequence of their action. In fact, it was fortuitous for Borden that Pollard landed on a sofa rather than on the ground where he might have suffered a more serious injury. We find no merit to Borden's first argument.

{¶15} We similarly find no merit to Borden's defense of property argument. To prove the affirmative defense of defense of property, the defendant must present evidence that she reasonably believed her conduct was necessary to defend her property against the imminent use of unlawful force, and the force she used in defense was not likely to cause death or great bodily harm. *State v. Moses*, 10th Dist. Franklin No. 13AP-816, 2014-Ohio-1748, ¶ 41. In this instance, we cannot say that the trial court's rejection of Borden's defense of property argument was against the manifest weight of the evidence. The surveillance video reflects that Borden improperly gained entry to the lobby of the Laronde Apartments and the testimony of both Pollard and Pierre established that Pollard

explained he was relocating Borden's items to the vestibule where they belonged. There is no evidence to support Borden's contention that a reasonable person would have believed Pollard was attempting to steal or damage Borden's property. We find no error in the trial court's judgment that Borden employed force unnecessary to the situation.

{¶16} Finally, Borden argues that her conviction for aggravated menacing was against the manifest weight of the evidence because Pierre was not sufficiently fearful of serious physical harm. The relevant question here is whether the victim subjectively believed at the time of the offense that the offender would cause serious physical harm. *Garfield Hts. v. Greer*, 8th Dist. Cuyahoga No. 87078, 2006-Ohio-5936, ¶ 5, citing *State v. Perkins*, 8th Dist. Cuyahoga No. 86685, 2006-Ohio-3678, ¶ 14.

{¶17} In *Cleveland v. Sands*, 8th Dist. Cuyahoga No. 105141, 2017-Ohio-8313, we upheld a conviction for aggravated menacing where the defendant made threatening phone calls and texts and threatened to shoot the victim's boyfriend. We found that the victim, at the time of the threats, possessed a subjective belief that the defendant would cause her and her boyfriend serious physical harm based on testimony from the victim that she took the defendant's threats seriously.

{¶18} Similarly, in this instance, the trial court heard testimony from Pierre that although she did not know if Borden was armed at the time, she believed that Borden could come back with a gun and harm her. Pierre testified that she was fearful of her safety. According to Pierre, Borden supported her threat to shoot Pierre and Pollard with a steady conversation about the fact that she had a permit to carry a gun and her

husband was a police officer. Although Pierre remained in the lobby in relatively close proximity to Borden while awaiting the arrival of the police, Pierre explained that she chose not to leave out of a sense of obligation to remain in support of Pollard. Finally, the credibility of Borden's threats against Pierre was enhanced by the fact that Pierre had already witnessed Borden assault Pollard. We cannot say that the trial court's finding that Borden's threats caused Pierre to subjectively fear for her safety was against the manifest weight of the evidence.

{¶19} Borden's sole assignment of error is overruled.

{¶20} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

TIM McCORMACK, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR